UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS E. LOEHN AND PEGGY M. LOEHN								PLAINTIFFS

V.										CIVIL ACTION NO. 1:06cv168-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY						DEFENDANT

## **ORDER**

The Court has received an informal request to reconsider its [34] Order imposing the payment of costs associated with an ordered mediation that was not held due to the failure of the parties and their counsel to appear. The request for reconsideration reads, in pertinent part:

We received a call from Amerncin [sic] Abriberaton [sic] on December 29, 2006, which was the first call that we had ever receivd [sic] from them. They indicated that mediation would take place on January 4, 2007. We advised that we were not available on January 4, 2007 because I was already scheduled to be in Dallas.

Additionally, we advised that State Farm had requested, and we agreed, to private mediation. American Abrirarion [sic] acknoweledged [sic] that the mediation would not take place on the [sic] January 4, 2007. . . . .

In fact, upon further inquiry, the Court has learned that by letter dated November 9, 2006, counsel for the parties were notified of the mediation to take place on January 4, 2007 (this was one of the dates offered to counsel in a letter dated November 2). The call on December 29 was merely a reminder of the scheduled mediation (in other correspondence, the mediator acknowledged receiving a mediation memo from one of the parties). It is also worthy of mention that in mid-December, State Farm paid the invoice for the mediation.

As for the reference to private mediation, the [28] Order for Mediation is clear: "In the event the parties wish to undertake private mediation in lieu of participation in this mediation program, *their counsel shall inform the Court in writing within five days of the date of this Order that they wish to pursue this alternative.*" (Emphasis added). The Court has no record of such a timely request, and, based on the above, all indications are that arrangements were made for the Court-ordered mediation to take place. There is no justification for reconsideration of [34].

Accordingly, **IT IS ORDERED**:

The request for reconsideration of this Court's Order [34] entered on January 4, 2007, is **DENIED**;

All provisions of that Order remain in full force and effect.

**SO ORDERED** this the 8th day of January, 2007.

                                                    s/ *L. T. Senter, Jr.*
                                                    L. T. Senter, Jr.
                                                    Senior Judge